LANSBURGH v. HASBROUCK and others.

(Circuit Court, S. D. New York. May, 1883.)

PATENTS FOR INVENTIONS—RESSSUE INVALID—IMPROVEMENT IN FILTERS.
    The reissued letters patent granted to complainant as assignee of Louis Raecke, September 16, 1879, for an improvement in filters, expand the claims of the original, granted to said Raecke January 17, 1871, and are invalid.

In Equity.
*Worth Osgood* and *Henry A. Seymour*, for complainant.
*Thos. N. Cator*, for defendant.

WALLACE, J. The conclusion is reached that the reissued letters patent granted to the complainant as assignee of Louis Raecke, September 16, 1879, for an improvement in filters, expand the claims of the original and are invalid. The original patent was granted to Raecke January 17, 1871. December 14, 1875, a patent was granted to Thomas R. Sinclair for an improvement in apparatus for filtering liquids, and the rectifying devices constructed in conformity with this patent are now sought to be adjudged to infringe the complainant's reissue.

The original patent to Raecke was granted January 17, 1871. That patent described his invention fully, and without any ambigu-

ity, and upon the first inspection indicated clearly what Raecke had conceived and accomplished. His invention related to that class of filters in which the filtering medium is composed of wool, cotton felt, or similar material, and in which the sieve or exit for the escape of the filtered liquid is located at the bottom of the filtering chamber. In such filters the presence of the liquid during filtration tends to compact the mass or body of the filtering material in the chamber of the filter and create a space between the material and the walls of the chamber, consequently more or less of the liquid finds a channel between the walls and the material, and reaches the sieve without having passed through the filtering material sufficiently for purification. Raecke proposed to obviate the escape of the liquid in an unfiltered condition by forming a receptacle at the bottom of the chamber, between the walls and the exit, in which the filtering material could be so densely packed that the liquid could not create a space or channel along the walls, but would be forced by the density of the packing to pass from the walls and find a passage through the filtering material. To accomplish this he built upon the bottom of the chamber, between the walls and the exit passage, a flange running around the whole chamber, concentrically with the walls, thus forming a contracted space in which the filtering material could be densely packed, and through which the liquid would have to pass after leaving the channel at the wall before it could escape at the exit. It was important that the packing receptacle should be proportioned to the size of the filtering chamber. A large space in a small chamber could not be packed materially better than the body of the chamber. On the other hand, a small space in a large filter would hold so little material that it would not be of much practical benefit. Accordingly Raecke pointed out in his specifications that the height of the flange, and the distance it should be placed from the walls of the filter, should be adjusted to the size of the filter, and the proportions to be observed were approximately stated. Raecke also used a sieve at the top of his filtering chamber through which the liquid to be filtered would pass to the filtering chamber, and which served to keep the filtering material in the body of the chamber in place. There was no novelty in this feature of his filter.

The claims of the original patent were as follows:

(1) In a filter, a sieve constructed with a flange so placed on its surface as to leave a space between the said flange and the walls of the filtering vessel; (2) packing the space between the flange and the walls of the cylinder so closely with the filtering material as to prevent the fluid from passing down the walls

and out the sieve in an impure state; (3) a filter constructed and arranged as hereinbefore described, viz., having two sieves with a filtering material of wool, cotton felt, or other fibrous material between the same, and the lower sieve having on it a flange, all combined as and for the purposes described.

Undoubtedly these claims were defective. In each claim essential elements of the combination which constituted Raecke's invention were omitted. The claims in the reissue purport to restrict and limit the claims of the original by incorporating into each claim elements which were omitted in the claims of the original. If they could be fairly construed as narrowing the claim of the original, the reissue would not be obvious to criticism unless by not claiming what was described there was such an abandonment to the public that the right to a reissue covering intermediate improvements, made by others in the same field of invention, has been forfeited by laches. But it is apprehended that the claims, when read, as they must be, with the descriptive portions of the specification, expand the scope of the patent, and are calculated to confer on the complainants the exclusive right to improvements which Raecke did not invent. What Raecke invented may be appreciated by a reference to the patent which had been granted to Benjamin Best, March 27, 1866. Best's patent was for a filter in which charcoal, sand, or a similar filtering medium was to be employed. His exit passage was located at the bottom of the filtering chamber, and he had erected a flange on the bottom of the chamber, which extended around the whole chamber. The flange thus formed a chamber or packing space between the walls of the filter and the exit passage. The only material variation between his structure and Raecke's was that the packing space formed by the flange was much larger in proportion to the body of the filtering chamber. Undoubtedly Best did not intend to use this space as a packing chamber, and it could not be packed as tightly as Raecke's, because it was larger in proportion to the body of the filtering chamber. But, in view of Best's devices, all that Raecke did was to adopt them by modifications in their proportions for a filter in which a yielding and pliable filtering medium was to be employed, in order that this filtering material could be tightly packed in the space between the walls and the flange. When he had done this and packed the space, his invention was perfected. It is apparent that Raecke's invention was a narrow one. As the packing was to be done with the filtering medium peculiar to his particular class of filters, the original patent could not have been construed to sanction any claim for a combination in which the packing receptacle packed

with the peculiar filtering material of his filters was not an element.

It is sought by the reissue to emasculate this element, and by eliminating from the descriptive portion of the specification all reference to the particular class of filters, and the special characteristics of the filtering medium to prepare the way for claims in which an annular chamber packed with any kind of packing material is an element. The claims of the reissue are as follows:

(1) A filter having filtering material packed in an annular chamber formed by a flange located between the wall or inner surface of the filter and sieve or foraminated exit through which the liquid flows from the filtering vessel, whereby the liquid that flows along down the walls of the filter is caused to flow inwardly and away from the inner surface of the filter, and through the filtering medium, before it reaches the foraminated exit, substantially as and for the purpose set forth. (2) A filter provided with a filtering diaphragm, located in the upper portion of the filter, and an annular chamber in which filtering material is packed, located between the wall or inner surface of the filter and the sieve or foraminated exit through which the liquid flows as it escapes from the receptacle in which the filtering material is packed, substantially as set forth

These claims, by legitimate and necessary construction, when read by the descriptive portion of the specification, are admirably adapted to embrace the improvements of Sinclair when his filter is packed with sand or charcoal. His patent describes ledges, deflectors, or shelves projecting inwardly from the walls and bottom of the filter, the office of which is to present obstructions or barriers across channels which may be formed by the liquid under filtration between the mass or body of the filtering material and the sides or walls of the chamber. The ledges may extend in continuous lines around the walls and upon the bottom, or in broken lines. They serve to deflect the liquid from the walls into the body of the filtering material. His filter was not designed for the use of such fibrous filtering material as Raecke employed, but was for charcoal or similar material. Undoubtedly, these ledges, when located on the bottom of the filter, and made to extend in continuous lines concentrically with the walls, afford spaces in which the material may be packed. It is quite possible that when the filter is filled, the filtering material is packed more tightly in these spaces than in the body of the chamber, and thus, incidentally, the same result may be effected, to some extent, as is effected by packing Raecke's devices. Obviously Sinclair's devices were not designed to create receptacles for dense packing of the filtering material. Whether it was intended by the reissue to appropriate, for the benefit of the complainant, the monopoly of the im-

provements made by Sinclair, it is unnecessary to decide. It suffices that after nearly eight years had expired, and after Sinclair had occupied the same domain of improvement, the reissue which was obtained expanded the claims of the original patent.

The bill is dismissed.